**UNITED STATES, Appellee,**

v.

**Nilger D. MOORE, II, U. S. Coast Guard, Appellant.**

**No. 40667/CG.**
**CMR S23530.**

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Lieutenant Commander Mark A. O'Hara* (on brief).

For Appellee: *Lieutenant Commander Robert W. Ferguson* (on brief).

*Opinion of the Court*

PER CURIAM:

We granted appellant's petition to review this issue:

WHETHER THE VACATION OF THE SUSPENSION OF THE BAD–CONDUCT DISCHARGE WAS IMPROPER WHEN CONTRARY TO APPELLANT'S REQUEST HE WAS NOT REPRESENTED BY LAWYER COUNSEL AT THE VACATION HEARING.

Appellate government counsel have noted in their brief that "the question of representation by lawyer counsel at a vacation proceeding pursuant to Article 72(a) will soon be moot in the Coast Guard," since a change to the Coast Guard Military Justice Manual will grant such a right. The brief adds:

Additionally, an independent investigation by the government counsel in this case has revealed that in the few vacation proceedings held by the Coast Guard involving punitive discharges in the recent past, the probationer was accorded lawyer counsel. Consequently, in view of the fact that other probationers throughout the Coast Guard were or would be accorded the right to lawyer counsel in a vacation proceeding involving a punitive discharge at the time the instant hearing was held, it was unfair to deny SA MOORE lawyer counsel. Such unfairness coupled with proposed Change 4 to the Military Justice Manual convinces the government to join with the appellate defense counsel in requesting that the vacation action be set aside.

We believe that it is in the interest of justice to accept the government's concession and set aside the vacation of the suspension of the bad-conduct discharge. The findings and sentence as approved by the convening authority and supervisory authority were affirmed by the United States Coast Guard Court of Military Review prior to the vacation action, and since we perceive no error in that decision, it is affirmed. Special Court-Martial Order No. 1–81 dated 31 March 1981, which vacated the suspension, is set aside.